**AFFIRMED as MODIFIED and Opinion Filed October 26, 2023**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-22-00624-CR**

**DAVID WARREN JACKSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F21-00278-R**

## MEMORANDUM OPINION

Before Justices Carlyle, Smith, and Kennedy
Opinion by Justice Smith

Appellant David Warren Jackson was convicted by a jury for the first-degree felony offense of aggravated sexual assault. *See* TEX. PENAL CODE § 22.021(a)(1)(A), (a)(2)(A)(ii), (e). The trial court assessed appellant's punishment at a term of life confinement in the Institutional Division of the Texas Department of Criminal Justice. On appeal, appellant challenges his conviction in two issues. First, he asserts that the trial court erred by considering evidence that it improperly admitted during the punishment phase. Second, appellant argues that the trial court erred by conducting a critical portion of the trial outside his presence. The State

argues in two cross-issues that the judgment should be modified to reflect the correct name of the prosecutor and to reflect that appellant is required to register as a sex-offender. We agree with the State and have also determined that the judgment and bill of costs should be modified to reflect the proper amount of costs authorized in this case. Because we conclude that appellant did not preserve his first issue for appellate review and further conclude that appellant's short absence outside of the jury's presence did not violate due process or affect his substantial rights, we affirm as modified.

## Admission of Punishment Evidence

In his first issue, appellant argues that the trial court erred, during the punishment phase, by taking judicial notice of testimony that was given outside the presence of the jury during the guilt/innocence phase. The State responds that appellant did not preserve this issue for our review. We agree.

During the guilt/innocence phase, the State sought to introduce evidence of extraneous offenses, specifically other sexual assaults, allegedly committed by appellant. The trial court held a hearing outside the presence of the jury in which the State argued that the evidence was admissible to rebut appellant's attack on the complainant's credibility and whether she consented. The State also argued that the evidence of appellant's prior sexual assaults was admissible under the doctrine of

chances because of how similar his prior assaults were to the sexual assault at issue. The trial court deferred ruling on the motion until it could hear the witnesses' testimony that the State wanted to admit.

The State presented testimony, outside the jury's presence, from two alleged victims, A.R. and S.N., and the trial court heard further argument from both parties. The trial court did not admit the evidence, explaining it had concerns that the prior sexual assaults did not share enough similarities with the charged sexual assault and that, with the DNA evidence linking appellant to the charged sexual assault, identity was not at issue. The court reserved its right to change its ruling depending on what other evidence was presented.

During the punishment phase, which was tried to the court, the State asked the trial court to take judicial notice of the prior testimony from A.R. and S.N. that was heard outside the presence of the jury during the guilt/innocence phase. Defense counsel stated, "No objection," and the court granted the State's request. Defense counsel then stated that it would object to S.N.'s testimony because she was not "given the Rule before she left." The State responded that it admonished S.N., and all its witnesses, of the Rule. *See* TEX. R. EVID. 614 ("At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses'

testimony."). The trial court advised defense counsel that his objection was noted but did not make an express ruling.

To preserve an issue for appellate review, a party must make a timely and specific objection to the trial court, and the trial court must rule adversely, or refuse to rule, on the objection. TEX. R. APP. P. 33.1(a); *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003). In addition, the issue on appeal "must comport with the objection made at trial." *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Here, defense counsel's objection to S.N.'s testimony on the basis that she was not under the Rule does not comport with appellant's complaint on appeal that the trial court erred by taking judicial notice of A.R. and S.N.'s testimony. Moreover, defense counsel expressly stated, "No objection," to the State's request for the trial court to take judicial notice of the witnesses' prior testimony. Therefore, appellant did not preserve this issue for our review. We overrule appellant's first issue.

**Appellant's Absence from the Proceedings**

In his second issue, appellant contends that the trial court erred in conducting a critical portion of the trial outside his presence. The code of criminal procedure provides that "[i]n all prosecutions for felonies, the defendant must be personally

–4–

present at the trial" unless "the defendant voluntarily absents himself . . . after the jury has been selected." TEX. CODE CRIM. PROC. art. 33.03.

The record shows that, after the jury was selected but before it was sworn, the trial court and the attorneys had a seven-minute discussion without appellant present in the courtroom; the jury was also not present. The trial court advised the parties that appellant would "be present, just as soon as he's - - as he's ready." The trial court informed the parties of the order of the proceedings and asked what matters needed to be addressed before bringing in the jury. The State advised that it had updated its proposed time clips of appellant's interview that it would be offering for admission, that it had notified defense counsel, and that defense counsel reviewed the updated time clips. The parties and the court then briefly discussed one of the State's motions in limine, to which defense counsel agreed. When the State notified the court that it had disclosed that one of the State's potential witnesses had a felony arrest but that no other witnesses had criminal history, the court asked defense counsel, "[W]ould you be more comfortable with your client present?" Defense counsel responded, "I believe it's necessary, Your Honor." The court then apologized for jumping ahead and stated, "[W]e'll get him out here as soon as we can before we go any further." The bailiff advised appellant was "getting dressed."

The trial court also asked whether there needed to be a 705 hearing[1] and a hearing regarding the admissibility of extraneous offenses. Defense counsel advised that he did not believe a 705 hearing was necessary, and the State advised it needed a hearing on the latter. The court and the parties then discussed the timing of such hearing and agreed they would hold it during the lunch break.

While continuing to wait on appellant, the State announced, "Before we go off the record, I would like to offer, for record purposes, State's Exhibit 29, which are the specific - -." The trial court interrupted, "Let's wait until Mr. Jackson is in the courtroom to do that, if we could." The trial court further stated, "If it's - - if you have no objection, [defense counsel], when he comes out, I'm gonna tell him we just talked about some scheduling and we didn't want to take up anything of any substance until he was present." Defense counsel answered, "That's fine." The court then recessed for five minutes and came back on the record with appellant present. Once appellant was present, the court advised, "Mr. Jackson, the lawyers and I, right before you came out, just talked about scheduling, but we didn't want to address anything that affected you until you were back in the courtroom. So we're about to start that now." The court then heard and ruled on the State's motions in

---

[1] *See* TEX. R. EVID. 705 (rule governing expert testimony and the underlying facts or data of the expert's opinion).

limine, including the one to which defense counsel previously announced he agreed, and admitted the State's proposed time clips of appellant's interview for record purposes. The trial court later conducted hearings regarding the State's extraneous offenses, at which appellant was present.

Both appellant and the State note in their briefs that appellant was present for the remainder of the trial but that is not correct. The record shows that appellant was also briefly absent for a discussion regarding "the Rule"[2] during the first break of trial and for the parties' discussion of two jury notes and the trial court's responses during jury deliberations. Appellant also voluntarily absented himself for a brief portion of the punishment phase in which the parties and the trial court discussed the presentation of certain evidence, but no evidence was presented or admitted.

Appellant does not complain on appeal about his absences during the first break, during jury deliberations, or during the punishment phase. In fact, in appellant's brief, after he addresses his absence during the seven-minute hearing before the jury was sworn, he states: "Appellant was at this point brought into the courtroom for all other proceedings. No other critical portion of the trial was conducted outside the presence of appellant." Therefore, we will only address the

---

[2] *See* TEX. R. EVID. 614 ("At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony.").

absence appellant complains about on appeal—the seven-minute absence in which the record reflects appellant was getting ready and the presentation of evidence had not yet begun.

Appellant argues that he had the absolute right to be present while the various matters were resolved and that he did not waive such right. He references article 33.03, as well as the Confrontation Clause of the Sixth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments.

"Although the right to be present at trial is rooted to a large extent in the right to confrontation, when the defendant is not confronting witnesses or evidence, the right to presence is rooted in due process." *Sandoval v. State*, 665 S.W.3d 496, 510 (Tex. Crim. App. 2022) (citing *United States v. Gagnon*, 470 U.S. 522, 526 (1985) (per curiam)), *petition for cert. filed*, No. 23-5618 (U.S. Sept. 20, 2023). "A defendant has a due process right to be present 'whenever his presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge.'" *Id.* (quoting *Gagnon*, 470 U.S. at 526). "[T]he presence of the defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." *Adanandus v. State*, 866 S.W.2d 210, 219 (Tex. Crim. App. 1993) (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 107–08 (1934), *overruled on other grounds by Malloy v. Hogan*, 378 U.S. 1 (1964)).

Because trial counsel and the court did not discuss the substance of any pending motions before the court and the court did not make any rulings, there was nothing appellant could have provided to counsel during such discussions to further his defense. The trial court specifically waited for appellant until it heard the State's motions in limine and until it discussed the extraneous offense evidence the State sought to admit. Therefore, we conclude that appellant's presence would not have furthered his defense and, thus, his due process rights were not violated when he was absent during the seven-minute discussion.

Although appellant's absence did not violate his constitutional right to be present, we must also determine whether his absence violated his statutory right to be present under article 33.03, which affords greater protection than the Constitution. *See, e.g., Jones v. State*, No. 10-19-00350-CR, 2021 WL 4198452, at *2 (Tex. App.—Waco, Sept. 15, 2021, no pet.) (mem. op., not designated for publication). We agree with appellant that his absence violated article 33.03. He was not personally present and did not waive his right to be present by voluntarily absenting himself during the seven-minute discussion. *See* TEX. CODE CRIM. PROC. art. 33.03. However, we conclude that any error in discussing the various matters outside of appellant's presence was harmless. Because the error was statutory, and not constitutional, we may not reverse unless we determine the error affected appellant's

substantial rights. *See* TEX. R. APP. P. 44.2(b); *Cook v. State*, 665 S.W.3d 595, 599 (Tex. Crim. App. 2023); *Tracy v. State*, 14 S.W.3d 820, 827 (Tex. App.—Dallas 2000, pet. ref'd) (applying non-constitutional harm analysis under rule 44.2(b) to article 33.03 violation). A substantial right is affected when the error has a substantial and injurious effect or influence in determining the jury's verdict. *Cook*, 665 S.W.3d at 599. If, after reviewing the entire record, we determine the error did not influence, or had but a slight affect, on the trial's outcome, the error is harmless. *Motilla v. State*, 78 S.W.3d 352, 356 (Tex. Crim. App. 2002).

Here, trial counsel and the court had a seven-minute discussion regarding the order of presentation at trial and the remaining motions pending before the court. The trial court did not rule on any of the motions outside of appellant's presence, nor did trial counsel and the court substantively discuss any motion or evidence. Additionally, as we concluded above, appellant's due process rights were not violated because his presence during this time would not have furthered his defense. *See Adanandus*, 866 S.W.2d at 219–20 (applying "reasonably substantial relationship test" in addition to harm analysis when determining whether appellant's absence from pretrial proceedings was harmful). Furthermore, the jury was not present during the seven-minute discussion and, thus, its verdict could not have been affected or influenced by the discussion during appellant's absence. And, because

no rulings were made, nothing occurred during appellant's absence that could have later impacted the trial or its outcome. Therefore, we conclude that any error in discussing the various matters outside of appellant's presence was harmless. We overrule appellant's second issue.

### Modification of Judgment

In two cross issues, the State asserts that the judgment should be modified to reflect that the attorney for the State was Michael Leighton D'Antoni, not Loren Collins, and that appellant is required to register as a sex-offender. We agree with the State that the judgment should be modified as requested. We also conclude that the judgment should be further modified and that the bill of costs should be modified to reflect the proper amount of costs authorized against appellant in this case.

This Court has the power to modify a judgment to speak the truth when we have the necessary information to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). Throughout the reporter's record in this case, the attorney for the State is listed as "Michael Leighton D'Antoni." However, in the judgment, the attorney for the State is listed as "Loren Collins." The name Loren Collins does not appear in the record in this case. Therefore, in the section titled, "Attorney for State," the name "Loren Collins"

should be deleted and replaced with "Michael Leighton D'Antoni." In addition, because appellant was convicted of aggravated sexual assault, he is required to register as a sex offender and, thus, the box indicating "Defendant is required to register as sex offender in accordance with Chapter 62, CCP" should be checked. *See* TEX. CODE CRIM. PROC. arts. 62.001(5)(A), 62.051(a).

We next turn to the assessment of costs. The bill of costs assesses the following costs against appellant:

| | |
|---|---|
| Clerk's Fee | 40.00 |
| Jury Fee | 1.00 |
| Court House Sec Fee | 10.00 |
| Cons State Fees | 185.00 |
| County Records Mgt | 25.00 |
| Specialty Court | 25.00 |
| Initial Amount Due | 286.00 |

The judgment lists Court Costs at $ 00.

The imposition of certain court costs is mandatory upon conviction and should be reflected in the judgment. *See* TEX. CODE CRIM. PROC. art. 42.16. However, a cost cannot be imposed for a service not performed or for a service for which a cost is not expressly provided by law. *Id.* art. 103.002. As we explained in *Shuler v. State*, several cost related statutes were amended by the legislature in 2019. 650 S.W.3d 683, 687–91 (Tex. App.—Dallas 2022, no pet.); *see also Contreras v. State*, Nos. 05-20-00185, 00186-CR, 2021 WL 6071640, at *5–9 (Tex. App.—Dallas Dec.

–12–

23, 2021, no pet.) (mem. op. on reh'g, not designated for publication). The new cost structure, set forth in the amended statutes, became effective on January 1, 2020, and applies only to offenses committed on or after that date. *Shuler*, 650 S.W.3d at 687–91; *Contreras*, 2021 WL 6071640, at *5–9. Here, the complainant testified that the offense occurred on October 1, 2005. Thus, the changes that became effective on January 1, 2020, do not apply to appellant's conviction.

The Jury Fee and Specialty Court Fee were among the 2019 (effective January 1, 2020) legislative changes and, thus, do not apply to this 2005 offense and should be deleted. *See Shuler*, 650 S.W.3d at 687; *Contreras*, 2021 WL 6071640, at *9 n.7. The Court House Security Fee was authorized by former article 102.017 in an amount of $5, and thus should be reduced from $10 to $5 here. *See* FORMER TEX. CODE CRIM. PROC. art. 102.017(a) (effective Sept. 1, 2005, through Aug. 31, 2007); *see also Contreras*, 2021 WL 6071640, at *9 n.7. The State Consolidated Fee was authorized by former section 133.102 of the local government code in an amount of $133, not $185. *See* FORMER TEX. LOC. GOV'T CODE § 133.102(a)(1) (effective Jan. 1, 2004, through Aug. 31, 2011); *see also Shuler*, 650 S.W.3d at 691; *Contreras*, 2021 WL 6071640, at *9. The remainder of the costs are supported by statutes in effect at the time of the October 1, 2005 offense. *See* FORMER TEX. CODE CRIM. PROC. arts. 102.005(a) (Clerk's Fee, effective June 17, 2005, to December 31, 2019),

102.005(f) (County Records Management Fee, effective June 17, 2005, through Dec. 31, 2019). Therefore, the total costs assessed against appellant should be $203.

**Conclusion**

The judgment is modified as follows:

- In the section titled, "Attorney for State," the name, "Loren Collins" is deleted and replaced with "Michael Leighton D'Antoni";

- The box that is currently unchecked before "Defendant is required to register as sex offender in accordance with Chapter 62, CCP" is modified to include a check mark; and

- "Court Costs: $ 00" is modified to read "Court Costs: $ 203."

The bill of costs is also modified as follows:

- "Jury Fee                          1.00" is deleted;

- "Court House Sec Fee      10.00" is modified to read "Court House Sec Fee      5.00";

- "Cons State Fees             185.00" is modified to read "Cons State Fees             133.00";

- "Specialty Court             25.00" is deleted; and

- "Initial Amount Due:  $ 286.00" is modified to read "Initial Amount Due:  $ 203.00".

Therefore, the bill of costs is modified to read:

Clerk's Fee                     40.00
Court House Sec Fee      5.00
Cons State Fees             133.00
County Records Mgt       25.00

–14–

Initial Amount Due:     $ 203.00

As modified, we affirm the judgment of conviction. The trial court is directed to prepare a corrected judgment and bill of costs that reflect the modifications made in this Court's opinion and judgment. *See Shumate v. State*, 649 S.W.3d 240, 245–46 (Tex. App.—Dallas 2021, no pet.).


/Craig Smith/
CRAIG SMITH
JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2(b)
220624F.U05

–15–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAVID WARREN JACKSON,
Appellant

No. 05-22-00624-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F21-00278-R.
Opinion delivered by Justice Smith.
Justices Carlyle and Kennedy
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

- "Loren Collins" is deleted from the section entitled "Attorney for State" and is modified to read "Michael Leighton D'Antoni";

- The box that is currently unchecked before "Defendant is required to register as sex offender in accordance with Chapter 62, CCP" is modified to include a check mark; and

- "Court Costs: $ 00" is modified to read "Court Costs: $ 203."

Additionally, the bill of costs is **MODIFIED** as follows:

- "Jury Fee              1.00" is deleted;

- "Court House Sec Fee    10.00" is modified to read
  "Court House Sec Fee     5.00";

- "Cons State Fees          185.00" is modified to read
  "Cons State Fees          133.00";
- "Specialty Court          25.00" is deleted; and

- "Initial Amount Due: $ 286.00" is modified to read
  "Initial Amount Due: $ 203.00."

As **REFORMED**, the judgment is **AFFIRMED**.

We **DIRECT** the trial court to prepare a corrected judgment and bill of costs that reflect these modifications.

Judgment entered this 26th day of October 2023.